**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MANZAR HOPKINS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-01547-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| MORTGAGEIT, INC. d/b/a MIT LENDING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 11) filed by Defendant MortgageIT, Inc. ("Defendant"). Plaintiff Manzar Hopkins ("Plaintiff") filed a Response (ECF No. 13) and a Motion for Leave to File Amended Complaint (ECF No. 14). Defendant filed a Reply (ECF No. 15) and a Response to Motion for Leave to File Amended Complaint (ECF No. 18).

**I.   BACKGROUND**

This case arises from an alleged property recording dispute, where Plaintiff brings a single claim for slander of title against Defendant.

According to the Complaint, on March 25, 2005, Plaintiff applied to Defendant for a Home Equity Line of Credit ("HELOC") for $72,000 on the property of 4504 Standing Bluff Way, Las Vegas, NV 89134, Assessor's Parcel Number ("APN") 138-01-616-004 ("Standing Bluff"). (Compl. ¶ 9, ECF. No. 1). The HELOC was used for the down payment on the purchase of 9232 Pitching Wedge Drive, Las Vegas, NV 89134, APN 138-30-610-038 ("Pitching Wedge"). (*Id*. ¶ 10). Plaintiff also "took out a mortgage with [Defendant] for $288,000.00 to complete the purchase for [Pitching Wedge]." (*Id*. ¶ 11).

On April 1, 2005, Defendant recorded the Deed of Trust for the HELOC, "but did so on APN 138-30-610-038, which is the Pitching Wedge address, not the Standing Bluff address on

which the HELOC was secured." (*Id*. ¶ 14).  As a result of Defendant's alleged incorrect recording of the HELOC, Plaintiff's Pitching Wedge address gained additional cloud on the title in the form of the $72,000 HELOC. (*Id*. ¶ 18).

On December 21, 2009, Plaintiff attempted to extinguish the HELOC and mortgage debt on the Standing Bluff property through a short sale. (*Id*. ¶¶ 16–17).  However, Plaintiff alleges that Defendant's improper recording of the HELOC resulted in the short sale only extinguishing the mortgage for the Standing Bluff property. (*Id*. ¶ 18).  Because the HELOC was not extinguished by the short sale, Citibank was later able to purchase the HELOC from Defendant. (*Id*. ¶ 19).  Subsequently, Citibank "hounded Plaintiff demanding she place home insurance on Standing Bluff, a home she no longer owned." (*Id*. ¶¶ 20–21).  Citibank also charged Plaintiff "an annual rate of $979.00 for home insurance on Standing Bluff." (*Id.*).  Consequently, Plaintiff alleges damages in the form of multiple insurance payments made to Citibank resulting from the improperly recorded HELOC, negative credit reporting, and attorney's fees expended to "determine what was happening in regard to Citibank." (*Id*. ¶¶ 24, 30).

In the instant Motion, Defendant argues that the single claim for slander of title should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Mot. to Dismiss 2:20, ECF No. 11).  Specifically, Defendant argues that Plaintiff fails to provide sufficient facts that Defendant acted maliciously or with malicious intent so as to give rise to a valid slander of title claim under Nevada law. (*Id*. 4: 25–26).  Further, Defendant urges this Court to deny Plaintiff's Request for Leave to File Amended Complaint because Plaintiff "violates Local Rule 15-1 given that she failed to attach the proposed amended Complaint to her request." (Resp. to Mot. for Leave to File 4:19–21, ECF. No. 18).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the Complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The District of Nevada Local Rules provide the time to respond to motions, how to properly serve another party, and requirements for responses to motions. Local Rule 15–1 sets forth the requirements for amended pleadings:

> (a)  Unless otherwise permitted by the court, the moving party shall attach the proposed amended pleading to any motion to amend so that it will be complete in

>itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.
>(b)     After the court has filed its order granting permission to amend, the moving party shall file and serve the amended pleading.

(D. Nev. Civ. R. 15-1).  Failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  However, the district court should not dismiss an action with prejudice and without an opportunity to amend when it is "not clear that . . . [the] Complaint could not be cured by amendment." *Wheeler v. Terrible Herbst Inc.*, 498 F. App'x 707, 708 (9th Cir. 2012).

### III.   DISCUSSION

Plaintiff alleges a single claim for relief of slander of title against Defendant. "Slander of title involves false and malicious communication, disparaging to one's title in land, and causing special damage." *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987) (per curiam).  The first element of false communication is satisfied if the defendant records a false document. *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1089 (D. Nev. 2012).  Further, allegations that the defendant knew the statement was false or acted in reckless disregard of its truth or falsity will satisfy the malice requirement. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).  Special damages may include "both impairment of the land's vendibility as well as expenses sustained in removing the cloud on plaintiff's title caused by the false statement." *Tai-Si Kim*, 838 F. Supp. 2d at 1089 (citing *Summa Corp v. Greenspun*, 655 P.2d 513, 515 (Nev. 1982)).

Here, Plaintiff alleges that on April 1, 2005, Defendant "recorded the Deed of Trust for the HELOC secured, but did so on APN 138-30-610-038, which is the Pitching Wedge address, not the Standing Bluff address on which the HELOC was secured." (Compl. ¶ 14, ECF No. 1). This allegation sufficiently demonstrates the HELOC was improperly recorded on the Pitching Wedge property and, thereby, shows the recorded Deed of Trust is a false document.  Further, Plaintiff properly pleads the element of special damages through the insurance payments made

to Citibank and attorney's fees expended to discover the alleged false statement. *(Id.* ¶ 22, 24). However, in regards to malice, Plaintiff merely states, "Defendant made false and malicious communications." (*Id.* ¶ 28).  Such a formulaic and conclusory recitation does not satisfy the element of malice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, even taking Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the Complaint does not adequately plead a claim for slander of title and Plaintiff's Complaint must be dismissed.

Finally, regarding Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff did not attach a proposed amended Complaint; therefore, Plaintiff failed to adhere to Local Rule 15-1.  Nevertheless, the Court finds no basis to determine that there is no possibility for Plaintiff to cure the deficiencies in the Complaint.  In light of the liberal spirit of Federal Rule of Civil Procedure 15(a), the Court will dismiss Plaintiff's claim for slander of title without prejudice to allow Plaintiff to amend her Complaint to allege additional facts regarding malice.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.  Plaintiff's claim for slander of title is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 14) is **DENIED.**

**DATED** this ___29___ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge