UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANZAR HOKINS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MORTGAGEIT, INC. d/b/a MIT LENDING, )<br>)<br>Defendant. )<br>) | Case No.: 2:15-cv-01547-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 28), filed by Defendant MortgageIT, Inc. ("Defendant"). Plaintiff Manzar Hopkins ("Plaintiff") filed a Response, (ECF No. 29), and Defendant filed a Reply, (ECF No. 30). For the reasons discussed below, the Motion is **GRANTED in part** and **DENIED in part**.

I.  **BACKGROUND**

This case arises from an alleged property recording dispute. According to the Amended Complaint, on March 25, 2005, Plaintiff applied to Defendant for a Home Equity Line of Credit ("HELOC") for $72,000 on certain real property located at 4504 Standing Bluff Way, Las Vegas, NV 89134 ("Standing Bluff"). (Am. Compl. ¶ 9, ECF. No. 27). Plaintiff used the HELOC to purchase real property located at 9232 Pitching Wedge Drive, Las Vegas, NV 89134 ("Pitching Wedge"). (*Id*. ¶ 10). Plaintiff also "took out a mortgage with [Defendant] for $288,000.00 to complete the purchase for [Pitching Wedge]." (*Id*. ¶ 11).

On April 1, 2005, Defendant recorded the Deed of Trust for the HELOC, "but did so on . . . the Pitching Wedge address and not the Standing Bluff address on which the HELOC was secured." (*Id*. ¶ 14). As a result of this error, title on Pitching Wedge was clouded by the HELOC. (*See id*. ¶ 21).

On December 21, 2009, Plaintiff attempted to extinguish the HELOC and mortgage debt on Standing Bluff through a short sale. (*Id*. ¶¶ 20). However, Plaintiff alleges that because of Defendant's improper recording of the HELOC, the short sale only extinguished the mortgage for Standing Bluff and not the HELOC. (*See id*. ¶ 21). Because the HELOC was not extinguished by the short sale, Citibank, N.A. ("Citibank") was later able to purchase the HELOC from Defendant. (*Id*. ¶ 22). Subsequently, Citibank "hounded Plaintiff demanding she place home insurance on Standing Bluff, a home she no longer owned." (*Id*. ¶¶ 25–26). Citibank also charged Plaintiff "an annual rate of $979.00 for home insurance on Standing Bluff." (*Id.* ¶ 26). Based on these events, Plaintiff alleges damages in the form of multiple insurance payments made to Citibank resulting from the improperly recorded HELOC, a negative impact on her credit report, and attorneys' fees expended to "determine what was happening in regard to Citibank." (*Id*. ¶¶ 29, 40).

Defendant previously filed a motion to dismiss Plaintiff's single claim of slander of title, which the Court granted. (*See* Mot. to Dismiss ("MTD"), ECF No. 11); (*see also* Order, ECF No. 26). The Court allowed Plaintiff leave to amend her slander of title claim concerning the element of malice. (Order 5:11–13). Plaintiff subsequently filed an Amended Complaint alleging slander of title and adding a negligence claim. (*See* Am. Compl.). In the instant Motion, Defendant argues that Plaintiff again fails to sufficiently allege that Defendant acted maliciously or with malicious intent. (MTD 5:12–16, ECF No. 28).

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule

12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the Complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

In Plaintiff's Amended Complaint, Plaintiff alleges slander of title against Defendant. (Am. Compl. ¶¶ 34–40).[1] "Slander of title involves false and malicious communication, disparaging to one's title in land, and causing special damage." *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987) (*per curiam*). The first element of false communication is satisfied if the

---

[1] Plaintiff's Amended Complaint asserts for the first time a claim of negligence. (*See* Am. Compl. ¶¶ 41–47). Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the opposing party did not provide written consent, and the Court only provided Plaintiff leave to amend her slander of title claim "to allow Plaintiff to amend her Complaint to allege additional facts regarding malice." (Order 5:11–13, ECF No. 26). Moreover, a Scheduling Order has already been issued in this case. (ECF No. 23). Pursuant to the Scheduling Order, the date to amend pleadings has passed, thereby requiring Plaintiff to seek leave to amend under Rule 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4). Plaintiff has not offered any argument as to why her Complaint should be amended under Rule 16(b)(4). Accordingly, Plaintiff's negligence claim is dismissed without prejudice as untimely filed.

defendant records a false document. *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1089 (D. Nev. 2012).  Further, allegations that the defendant knew the statement was false or acted in reckless disregard of its truth or falsity will satisfy the malice requirement. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).  Special damages may include "both impairment of the land's vendibility as well as expenses sustained in removing the cloud on plaintiff's title caused by the false statement." *Tai-Si Kim*, 838 F. Supp. 2d at 1089 (citing *Summa Corp v. Greenspun*, 655 P.2d 513, 515 (Nev. 1982)).

In her Amended Complaint, Plaintiff alleges that "Defendant had express knowledge that [it] did not have any such interest in the subject property, making the recorded documents impliedly false and malicious: malicious, [sic] because their actions were without any just cause, excuse, or reasonable belief, and were substantially certain to cause harm to the property's title and to Plaintiff." (Am. Compl. ¶ 36).  Further, Plaintiff alleges that Defendant acted maliciously in light of Defendant's "express knowledge that [it] recorded a Deed of Trust for a HELOC on [Pitching Wedge] and . . . failed to remove said recordation." (*Id.* ¶ 38).  The Court finds that Plaintiff's amended allegations adequately plead that Defendant acted in reckless disregard of the false document's truth or falsity, thereby satisfying the malice requirement. *See Rowland*, 662 P.2d at 1335.  Because Plaintiff pleads a false document, malice, and special damages, (Am. Compl. ¶¶ 25–39), Plaintiff sufficiently alleges a cause of action for her slander of title claim. *See Higgins*, 744 P.2d at 531.

Defendant argues in its instant Motion to Dismiss that Plaintiff's slander of title claims are "exactly like the Original Complaint." (MTD 4:12–13).  Further, Defendant contends that Plaintiff fails to allege that Defendant "has said or done anything which would even remotely show that either [Plaintiff] or her property were harmed or damaged on account of [Defendant]." (*Id.* 5:16–18).  The Court does not find these arguments persuasive.  As the Court previously held, Plaintiff's allegations that Defendant recorded the Deed of Trust on the wrong

property "shows the recorded Deed of Trust is a false document," and caused Plaintiff to incur "special damages through the insurance payments made to Citibank and attorney's fees expended to discover the alleged false statement." (Order 4:20–5:1).  Plaintiff therefore pleads—and has pled—that she was harmed on account of Defendant.  Moreover, as discussed *supra*, Plaintiff's Amended Complaint sufficiently alleges the element of malice.  Accordingly, Defendant's Motion to Dismiss the slander of title claim is denied.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 28), is **GRANTED in part** and **DENIED in part**.  Specifically, the Court **GRANTS** Defendant's Motion for Plaintiff's improperly alleged claim of negligence and **DENIES** Defendant's Motion for Plaintiff's slander of title claim.

**DATED** this __23__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge